UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

                Plaintiff,

v.                                            Case No. 24-cv-136-pp

RODNEY KLANG, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Plaintiff Fred Lee Davenport, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

      On February 1, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $2.66. Dkt. No. 5. The court received that fee on February

1

13, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on December 1, 2023, he was placed on clinical observation due to a double suicide attempt with his cellmate. Dkt. No. 1 at 2. The next day, he allegedly self-harmed again by "cutting his veins," for which he required sterile strips and glue to mend the wound. The plaintiff states that PSU Wilkerson (not a defendant) placed him in "ambulatory restraint." Id.

The plaintiff alleges that defendant Dr. Kyra Holly conducted a clinical observation placement assessment during which the plaintiff gave her metal he had removed from his mouth and demanded to be removed from clinical observation so he could attend his scheduled visit. Id. at 3. Holly allegedly "disregarded the plaintiff's threats and visible agitation" and agreed to remove him from restraints, but did not remove him from clinical observation. Id. The plaintiff alleges that defendant Sgt. Moore retrieved the metal the plaintiff had placed in the trap box but "both failed to warn or act against plaintiff['s] threats of harming more." Id.

The plaintiff alleges that defendant Captain Anthony Bonfigglio arrived with defendants Officers Vang and Dobson, who removed the plaintiff from his

3

cell to take off his ambulatory restraints. Id. He states that the three defendants failed to conduct a proper strip search or use a metal detector to ensure that the plaintiff had no more metal before returning him to his cell. Id. The plaintiff alleges that he then covered his window and in-cell camera, "becoming unresponsive." Id. He states that after a "lengthy duration of time," defendant Rodney Klang, who worked as an "observation checker," informed defendant Sergeant Kyle Firsh "who should've already been made aware due to the fact of it being a 40 [inch] monitor inside the workstation of the Sgt also known as 'the Bubble' and he has a direct line of site of plaintiff's cell with only 6 cells in this area." Id. Firsh allegedly arrived at the plaintiff's cell and the plaintiff removed the covering but refused to respond to Firsh. Id.

Defendant Captain Rebecca Tervonen allegedly was overseeing the placement of an incarcerated individual across the hall from the plaintiff when the plaintiff told her that he was "actively engaging in self-harm and making other threats." Id. at 3-4. According to the plaintiff, this was in the presence of multiple staff members, including defendant Dobson, "who was making direct eye contact the entire conversation." Id. at 4. The plaintiff states that all staff disregarded his actions, and that he continued to engage in self-harm with Klang conducting fifteen-minute checks knowingly disregarding his actions. Id. The plaintiff states that it wasn't until another incarcerated individual demanded that Klang stop the plaintiff from self-harming and get help that he did so. Id. Klang allegedly used his radio to contact CO II Brooke Steingraeber (not a defendant), who arrived and looked in the plaintiff's cell and signaled an emergency. Id.

The plaintiff alleges that Lukas Robertson (not a defendant) arrived with additional staff. Id. The plaintiff allegedly lost consciousness on and off until

4

Case 2:24-cv-00136-PP    Filed 05/24/24    Page 4 of 9    Document 7

the ambulance and EMTs arrived, at which time he was transported to Divine Savior Hospital for treatment. Id. He states that he returned to the institution where he was placed into five-point bed restraints, and he remained on clinical observation until December 13, 2023. Id. The plaintiff alleges that he developed anemia from self-harming and lost a lot of blood. Id.

The plaintiff states that he wants to raise claims of state medical malpractice and negligence against defendants Nurse Jill Childs and Nurse Steve for delaying adequate medical care when failing to treat and/or warn for major blood loss. Id. He also alleges that he wants to bring First Amendment and false swearing, misconduct in public office claims against defendant Mary Wesure "when not allowing to petition to the government for a redress of grievances." Id.

For relief, the plaintiff seeks compensatory and punitive damages. Id. at 5.

### C. Analysis

Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation if deliberate indifference by prison officials to an incarcerated individual's welfare effectively condones the harm by allowing it to happen. Eagen v. Dempsey, 987 F.3d 667, 693-94 (7th Cir. 2021) (citations omitted). To state a claim under the Eighth Amendment, the plaintiff must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." Lord v. Beahm, 952 F.3d 902, 904 (7th Cir. 2020) (citing Petties v. Carter, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." See Roe v. Elyea, 631 F.3d 843, 857 (7th Cir.

5

2011). "All agree that suicide is an objectively serious medical condition . . . [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." Lord, 952 F.3d at 904 (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)). Regarding the second prong, a defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." Petties, 836 F.3d at 728. "This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" Lisle, 933 F.3d at 716-17 (quoting Matos v. O'Sullivan, 335 F.3d 553, 557 (7th Cir. 2003)).

The plaintiff alleges that defendants Dr. Kyla Holly, Sgt. Moore, Captain Bonfigglio, CO Vang, Michael Dobson, Rodney Klang, Kyle Firsh and Rebecca Tervonen disregarded his threats to self-harm and/or ignored his actions after he started to harm himself. The plaintiff may proceed on an Eighth Amendment claims against these defendants in their individual capacities.

The plaintiff has not stated a claim against defendants Nurse Childs and Nurse Steve because he has not made any specific allegations regarding their conduct. His allegations that he wants to raise state law claims against them are conclusory and do not state a claim. The court will dismiss those defendants. Likewise, the plaintiff has not stated a claim against defendant Mary Wesure; his statement that he wants to bring First Amendment and false swearing, misconduct in public office claims against her are conclusory and do not state a claim. The court will dismiss Wesure. Finally, the court will dismiss defendants Larry Fuchs and John/Jane Doe because the complaint does not contain any allegations against them.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendants Larry Fuchs, RN Jill Childs, RN Steve, Mary Wesure and John/Jane Doe are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Dr. Kyla Holly, Sgt. Moore, Captain Bonfigglio, CO Vang, Michael Dobson, Rodney Klang, Kyle Firsh and Rebecca Tervonen. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.34** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

The court is including with this order a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 24th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**